67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ambrus FODOR, Petitioner-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE; Richard C. Smith,
District Director, INS Western District at
Seattle, Respondents-Appellees.
 No. 94-36213.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ambrus Fodor, a native and citizen of Canada, appeals the district court's order denying his petition for a writ of habeas corpus contesting a final order of exclusion. The district court affirmed the decision of the Board of Immigration Appeals ("BIA") finding him excludable under 8 U.S.C. Secs. 1182(a)(7)(i)(I) and 1182(a)(6)(C). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and 8 U.S.C. Sec. 1105a(b). We affirm.
 
 
 3
 Fodor concedes excludability under section 1182(a)(7)(i)(I), but contends that the district court erred by finding that substantial evidence supported the BIA decision that he was excludable pursuant to section 1182(a)(6)(C).
 
 
 4
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Nasseri v. Moscharak, 34 F.3d 723, 726 (9th Cir.1994). Factual determinations underlying the BIA's decision are reviewed under the substantial evidence standard. Id. The credibility findings of the Immigration Judge ("IJ") are accorded substantial deference. Id.
 
 
 5
 An alien is excludable who, by fraud or willfully misrepresenting a material fact, seeks entry into the United States. 8 U.S.C. Sec. 1182(a)(6)(C). A willful misrepresentation must be deliberate and voluntary, though intent to deceive is not required. See Forbes v. INS, 48 F.3d 439, 442 (9th Cir.1995). Knowledge of the falsity of a representation is sufficient. See id. A misrepresentation is material if it has the natural tendency to influence the decisions of the Immigration and Naturalization Service ("INS"). See id. (internal quotations omitted).
 
 
 6
 Fodor has admitted that he owned and operated a business in Tacoma, Washington for over a year before he was denied entry into the United States and that during that time, two weeks was the longest time he spent in Canada. Fodor also conceded his excludability under 8 U.S.C. Sec. 1182(a)(7)(A)(i)(I) as an immigrant at the time of application for admission who is not in possession of a valid entry document.
 
 
 7
 The IJ rejected Fodor's version of the events surrounding his exclusion, and instead accepted INS inspector Morgan's testimony that during the initial questioning Fodor maintained that he was visiting the United States for two to three days to visit friends. The record supports the IJ's credibility determination. Thus, the BIA's determination that Fodor intended to enter the United States to resume his unlawful residence and operation of his business is supported by substantial evidence. See id. Accordingly, the district court properly denied Fodor's habeas petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3